# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**BRUCE H. BAYER,**              :

   **Plaintiff**              :    **CIVIL ACTION NO. 3:13-1900**

   **v.**                       :          **(MANNION, D.J.)**
                                    **(SCHWAB, M.J.)**

**POCONO MEDICAL CENTER,**      :
**et al.,**

                                 :

   **Defendants**

                                 :

## **MEMORANDUM**

Pending before the court is a motion to dismiss the plaintiff's amended complaint filed on behalf of defendants Pocono Medical Center, Pocono Medical Center Mental Health Unit, and Ann McDonald, (Doc. 12), as well as the report of Magistrate Judge Schwab which recommends that the defendants' motion to dismiss be granted and that the plaintiff's amended complaint be dismissed *sua sponte* with respect to the remaining defendants, (Doc. 19).

By way of relevant background, on July 11, 2013, the plaintiff filed the instant action pursuant to 42 U.S.C. §1983 alleging violations of his constitutional rights by the defendants in relation to his involuntary mental commitment. (Doc. 1). By order dated November 6, 2013, Judge Schwab

granted the plaintiff's application to proceed *in forma pauperis*. (Doc. 4). After screening the plaintiff's complaint pursuant to 28 U.S.C. §1915(e)(2), Judge Schwab concluded that it failed to state a claim upon which relief can be granted because, among other things, the plaintiff had failed to allege facts from which it could reasonably be inferred that the defendants were acting under color of state law as is required for a claim pursuant to §1983. The plaintiff was given an opportunity to amend his complaint to correct the deficiency. The plaintiff filed an amended complaint on January 6, 2014. (Doc. 10)[1].

On February 12, 2014, the moving defendants filed a motion to dismiss the plaintiff's amended complaint, (Doc. 12), along with a brief in support thereof, (Doc. 13). By order dated February 14, 2014, the plaintiff was advised of the manner in which he was to respond to the defendants' motion. (Doc. 14). On March 4, 2014, when the plaintiff failed to file a brief in opposition to the defendants' motion, the defendants filed a supplemental brief arguing that the motion should be granted as unopposed. (Doc. 15). After having requested an extension of time to do so, the plaintiff filed an opposing brief on

---

[1]The defendants filed a motion to dismiss the plaintiff's original complaint, (Doc. 8), which was rendered moot by the plaintiff's filing of an amended complaint, (Doc. 10).

March 17, 2014. (Doc. 18).

By report dated May 16, 2014, Judge Schwab recommended that the defendants' motion to dismiss the plaintiff's amended complaint be granted on the basis that the plaintiff's amended complaint still does not sufficiently allege that the defendants acted under color of state law. In addition, Judge Schwab recommends that the plaintiff's amended complaint be dismissed for failure to state a claim upon which relief can be granted because he has failed to sufficiently set forth a RICO claim. Finally, because the plaintiff has failed to state a federal claim against the defendants and considerations of judicial economy, convenience and fairness do not compel otherwise, Judge Schwab recommends that the court decline to exercise supplemental jurisdiction over the plaintiff's state law medical malpractice claim. No objections have been filed by either party to Judge Schwab's report.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give

3

some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. [28 U.S.C. §636(b)(1)](); Local Rule 72.31.

The court has reviewed each of the recommended bases for dismissal of the plaintiff's amended complaint presented by Judge Schwab. Because the court agrees with the sound reasoning that led Judge Schwab to the conclusions in her report and finds no clear error on the face of the record, the court will adopt the report in its entirety. An appropriate order shall issue.

*s/Malachy E. Mannion*
MALACHY E. MANNION
United States District Judge

Date:  July 23, 2014
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-1900-01.wpd